**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530-0001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against the U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.　The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.　Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.　Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On September 18, 2018, Plaintiff submitted a FOIA request to Defendant, via e-mail, seeking access to the following records:

> **1. Any and all records regarding, concerning, or related to the proposed declassification of certain Department of Justice records as ordered by President Trump on September 17, 2018. This request includes, but is not limited to, any and all related records of communication sent by or addressed to any official, employee, or representative of the Department of Justice.**
>
> **2. Any and all e-mails or other records of communication sent by or addressed to DOJ official Bruce Ohr between September 16, 2018 and September 18, 2018.**

6. By letter dated November 1, 2018, Office of Information Policy acknowledged receipt of Plaintiff's request on October 10, 2018. With respect to part 1 of Plaintiff's request, OIP responded on behalf of the Office of the Attorney General and the Office of the Deputy Attorney General. With respect to the Office of the Attorney General, OIP assigned the request FOIA Request Number DOJ-2019-000154. With respect to the Office of the Deputy Attorney General, OIP assigned the request FOIA Request Number DOJ-2019-000595.

7. In the same letter, OIP also informed Plaintiff that it had routed part 2 of the request to the Criminal Division, the National Security Division, and the Office of Legal Counsel.

8. By letter dated November 1, 2018, the Criminal Division acknowledged receipt of Plaintiff's request on October 10, 2018 and assigned it Request Number CRM-300684095.

9. Neither the National Security Division nor the Office of Legal Counsel has acknowledged receipt of Plaintiff's FOIA request.

10. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA. Accordingly, Defendant's determination was due, at the latest, by November 15, 2018.

14. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 27, 2019	Respectfully submitted,

*/s/ Jason B. Aldrich*
JASON B. ALDRICH
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email:  jaldrich@judicialwatch.org

*Counsel for Plaintiff*